**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

HARRISON D. WILLIAMSON, JR.,

        :

    Petitioner,                             Case No. 3:08-cv-047

        :          District Judge Walter Herbert Rice
  -vs-                                   Chief Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
Lebanon Correctional Institution,

        :

    Respondent.

---

**SUBSTITUTED REPORT AND RECOMMENDATIONS ON RESPONDENT'S
MOTION TO DISMISS**

---

Petitioner Harrison D. Williamson, Jr., brought this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, challenging his conviction and sentence in the Montgomery County Common Pleas Court on one count of aggravated robbery with a firearm specification. He pleads five grounds for relief.

> **GROUND ONE:** The trial judge allowed the State's witnesses to commit perjury under oath.
>
> **Supporting Facts:** All three witnesses told a different story at trial of the event that supposedly occurred, along with them refuting one another's testimony. I've been denied the right to obtain my trial transcripts, proof of perjury within every page and I was convicted without physical evidence or proof beyond a reasonable doubt, when the case was based solely on hearsay and fictitious stories.
>
> **GROUND TWO**: Part of my indictment being dismissed the day of trial by the trial judge and not the full indictment.
>
> **Supporting Facts:** I was indicted for one count of aggravated

robbery with a gun specification and later, under the same case number, for having weapons while under disability. The trial judge did not believe that I committed the having weapons under disability charge, which would automatically rule out the gun specification and without the specification there was no aggravated robbery. Furthermore, the trial was still allowed to proceed on aggravated robbery/gun specification which should have been dismissed along with having weapons under disability.

**GROUND THREE:** The witnesses have a personal vendetta against me from my prior incarceration.

**Supporting Facts:** The witnesses were family members with the felonious assault victim that occurred in 2002. This matter was also ignored through every proceeding, which also would explain all the lies and contradictions in their testimonies. I served a three year sentence for that case because I was in the wrong, but his family members still held a grudge after three years passed and I thought it was all over with.

**GROUND FOUR:** My jury wasn't racially balanced, consisting of 13 women with one African-American female.

**Supporting Facts:** My jurors consisted of all women and wasn't racially balanced with peers of my age, which I believe would have brought out a different outcome at my trial.

**GROUND FIVE:** Being convicted of a gun specification with no gun presented at trial.

**Supporting Facts:** The witnesses gave testimony that I had two guns at trial, but the defense witness who was present during the incident disputed that testimony, which made the whole ordeal "hearsay." A consent search was even signed to search the accused's residence and the Dayton Police Department found no weapon (gun) after they thoroughly searched the residence.

**Grounds One and Two: Failure to Exhaust/Procedural Default**

As to Petitioner's first two Grounds for Relief, Respondent argued that Petitioner has an available state court remedy by way of delayed appeal from the Court of Appeals' denial of his Application to Reopen under Ohio R. App. P. 26(B) since he raised these claims for the first time in that Application (Motion to Dismiss, Doc. No. 8).

However, Ohio does not allow a delayed appeal from denial of a 26(B) Application. Because a 26(B) Application is a request for collateral review of a judgment, it is not part of the direct appeal. Delayed appeal is only available on direct appeal from a criminal judgment. For that reason, the Magistrate Judge recommended that Respondent's Motion to Dismiss the first two grounds of relief for lack of exhaustion be denied (Report and Recommendations, Doc. No. 11).

Respondent accepted that conclusion, but instead filed a Supplemental Memorandum (Doc. No. 12) arguing in the alternative that Grounds One and Two are procedurally defaulted. The Court then allowed Petitioner time to respond to that argument and he has done so (Doc. Nos. 14, 16).

**Procedural Default**

Respondent asserts that all Grounds for Relief are barred by the Ohio doctrine of criminal *res judicata* from presentation to the Ohio courts and are therefore barred in federal court by procedural default.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can

> demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977);  *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986);  *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d*,* at 138.

Ohio in fact has a doctrine of *res judicata* applicable in criminal cases.

> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. ...
>
> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that

> judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169, 170 (1982); *State v. Duling,* 21 Ohio St. 2d 13, 254 N.E. 2d 670 (1970).

The *Perry* doctrine was applied against Petitioner when he attempted to raise these issues in the state courts. Grounds One, Two, Three, and Four could have been presented on direct appeal, but the only assignments of error made on direct appeal were that the verdict was against the manifest weight of the evidence and was supported by insufficient evidence. When Petitioner attempted to raise these Grounds Three and Four in something he called a Motion to Overturn Guilty Verdict in the Court of Appeals, that court rejected the filing as duplicative of the direct appeal. Petitioner attempted to raise his fifth Ground for Relief in a postconviction motion in the Common Pleas Court where it was expressly rejected on *res judicata* grounds because it could have been raised on direct appeal (See Exhibit 18 to Motion to Dismiss).

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is an adequate and independent state ground. *Buell v. Mitchell*, 274 F. 3rd 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000), *cert. denied* 531 U.S. 1082, 121 S.Ct. 786, 148 L.Ed.2d 682 (2001); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).

Petitioner asserts that it was ineffective assistance of appellate counsel for his appellate attorney to fail to include Grounds One, Two, Three, and Four in the direct appeal. Ineffective

-6-

assistance of appellate counsel can constitute excusing cause for a procedural default.  However, the claim of ineffective assistance of appellate counsel must first be submitted to the state courts. *Edwards v. Carpenter,* 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000).  Here the state court of appeals found that Petitioner had not presented a colorable claim of ineffective assistance of appellate counsel in his Application to Reopen (See Motion to Dismiss Ex. 15).  While the explanation is cursory, this Court cannot find it to be an unreasonable application of clearly established Supreme Court law because, in fact, the trial attorney did attack the credibility of the state court witnesses.

Petitioner asserts that he tried to appeal from that decision to the Ohio Supreme Court, but the paperwork he has filed in that regard shows that he failed to do so properly.  For that reason also, his claim of ineffective assistance of appellate counsel to excuse failing to raise these grounds for relief on direct appeal is itself procedurally defaulted.  The 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground.  *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).  Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, citing *Murray v. Carrier,* 477 U.S. 478, 494-95, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986).

It is accordingly recommended that the Motion to Dismiss be granted and the Petition dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 15, 2008..

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).